JOHN HADLEY *vs.* THE COUNTY COMMISSIONERS OF MIDDLESEX.

Any party aggrieved by the action of county commissioners in locating a road anew, for the purpose of establishing the boundary lines thereof, under Rev. Sts. c. 24, § 9, is entitled to a jury to determine his damages, in the same manner as in an original laying out of such road.

PETITION for a mandamus, to require the respondents to issue their warrant for a jury to assess the damages to the petitioner, caused by locating anew a highway in Lowell, called Chelmsford street. It appeared that the city of Lowell presented an application to the respondents under Rev. Sts. c. 24, § 9, alleging that the boundary lines of said street were in so much doubt and uncertainty, that common convenience and necessity required that they should be located anew. Upon that petition the respondents again located the street, in accordance, as they averred, with the original laying out, but,

as the petitioner alleged, changing the original boundaries. The respondents, on the petitioner's application, refused to issue a warrant for a jury, for the reason that they did not alter or lay out said street. The whole case appears in the opinion.

*B. Dean,* for the petitioner.

*D. S. Richardson,* for the respondents.

Dewey, J. This is an application for a mandamus to the county commissioners to issue the proper order for summoning a jury to hear and act upon the matter of the location anew by the commissioners of a certain street called Chelmsford street, and is supposed to be authorized by Rev. Sts. *c.* 24, § 13.

The right to a jury to hear and determine the subject of damages, and to make limited alterations within the *termini* of any road located by the county commissioners, it is conceded, is given by this section, in reference to the ordinary cases of laying out, altering, or discontinuing highways and town ways. The objection to the right to a jury in the present case, is based upon the peculiar character of these proceedings. The original application, it is said, was of a very limited character, being only that of a city applying to the county commissioners to locate anew the road already established, but the boundaries of which were in dispute, and not seeking any alterations or change in the side lines of the road. Such seems to be the nature of the petition, and the further question is, whether the action of the county commissioners upon such an application, is the subject of review by a jury upon the application of a party aggrieved by the new location made by the commissioners. Looking at the general provisions of section 9, authorizing these proceedings, it is quite obvious that action upon such application, and the locating anew the boundaries of a road, or public street, may directly affect the property of the adjacent land-owners. The purpose is, to fix and finally settle what was previously a matter of doubt and dispute. The effect of such new location, if not reversed or changed by a jury is, that on all future occasions in which the boundary lines of such road may be called in question, the new location is to be decisive, and that equally

so whether it in fact corresponds with the actual boundaries of the original location, or varies therefrom. It will be perceived, therefore, that under such adjudication, it may so happen that alterations in the boundaries may in fact be made, and the real estate of the adjacent owners be taken for the first time under this new location, and as the case may be, without any allowance of damages therefor by the commissioners. · Is such adjudication final, or may it be reviewed by a jury, if the adjacent land owner feels aggrieved by the new location ? It is said that the petition to the county commissioners only asked that the boundary lines of a road already located might be established, and of course the commissioners could not take land *extra viam.* Be it so ; the question still recurs, have they been thus restricted in fact ? Does the new location embrace no land not before taken ? It is as to these matters that the petitioner asks for a jury to revise the doings of the commissioners.

It is to be further remarked that the proceedings under the section 9, are by the statute to conform to proceedings generally in locations of highways, the same orders of notice, &c., and in point of fact, such was the course of the preliminary proceedings here, and upon such notice, the commissioners, as in other locations of highways, adjudicated that common convenience and necessity required this. new location of Chelmsford street, and thereupon proceeded to locate anew the said highway or public street. Considering the general provisions of the ninth section, and the nature of the duties required of the commissioners, and especially the effect of a new location of an old highway by the commissioners acting under this section, upon the rights of property of the adjacent landowners, the court are of opinion that the jury may revise so much of the doings of the commissioners as affects the adjacent land-owner; that the jury may alter the same as to his land ; and if the location of the commissioners is confirmed as one proper to be made, and it is further found by the jury that the location, as finally established by them, shall embrace any land not within the original location of the road, the jury are to award damages for all land thus taken anew.

To the argument pressed upon us by the counsel for the respondents, that the record of the doings of the county commissioners is in the nature of a record of a judgment and cannot be controverted, if by that is meant merely that full faith and credit is to be given to it as the action of the commissioners, and as their finding of the true boundaries, it doubtless is so; but if by statute a right of revisal of the doings of the commissioners by a jury is reserved to any party aggrieved by their acts, the record showing their adjudications does 'not bar or estop further inquiry by a jury. This point turns entirely upon the construction given to the statute. If the statute has made the act of the commissioners establishing the boundaries of a road final, such effect is to be given to it. On the other hand, if their adjudications under section 9, are to the same extent as their adjudications upon ordinary petitions for locating a highway, subject to revision by a jury, then the record of their judgment as to what shall be established as the future boundary of an existing highway, is no bar to a different finding by a jury. That a jury may be summoned to revise, to some extent, the proceedings of county commissioners acting on a petition to locate anew an existing highway or street, under section 9, was directly decided in the case of *Trustees of State Lunatic Hospital* v. *Inhabitants of the County of Worcester*, 1 Met. 437

*Mandamus granted.*